UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY TYREE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD MORGAN, et al.,<br><br>    Defendants. | CASE NO. C16-5975 RBL-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Before the Court for review is Plaintiff Gregory Tyree Brown's civil rights complaint. Dkt. 4. Plaintiff purports to sue eighteen Department of Corrections (DOC) employees. Plaintiff paid the filing fee. *Id.* The Court has determined that plaintiff's complaint is deficient. However, because plaintiff is pro se, he will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by January 13, 2017**.

## DISCUSSION

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

ORDER TO SHOW CAUSE OR TO AMEND- 1

The fact that a prisoner pays the filing fee is no barrier to a court, when dismissing the case as frivolous, directing that the dismissal count as a strike under 28 U.S.C. § 1915(g). *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

Plaintiff's complaint contains only vague and conclusory allegations. He alleges generally that all of the defendants conspired to institute policies of harassment and retaliation in the handling of inmate funds and legal supplies, disciplinary sanctions and proceedings, legal mail, grievances, and limiting access to photocopying and the law library. Dkt. 1. Plaintiff's

complaint is completely devoid of any facts to support these conclusory claims.  He does not state when, where, or who was involved in any of these actions, or how his constitutional rights were harmed.

If plaintiff intends to pursue this lawsuit, he must allege facts showing who violated his rights, when they violated his rights, and how this violation caused him harm.  He may accomplish this by filing an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) name of the person who violated the right; (3) when and what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

## CONCLUSION

Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before January 13, 2017.**  If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number.  Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983.  If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous,

malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

**DATED** this 13th day of December, 2016.

Karen L. Strombom
United States Magistrate Judge