UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY TYREE BROWN,

Plaintiff,

v.

RICHARD MORGAN, et al.,

Defendants.

No. C16-5975 RBL-KLS

**SECOND ORDER TO SHOW CAUSE**

On December 13, 2016, the Court declined to serve *pro se* plaintiff Gregory Tyree Brown's civil rights complaint (Dkt. 4) because of several noted deficiencies. Dkt. 5. However, the Court granted plaintiff leave to file an amended complaint, and an extension of time within which to do so, to cure the deficiencies or to show cause why his complaint should not be dismissed. Dkt. 7. Plaintiff's 84 page amended complaint, naming 58 defendants and "John/Jane Does I through CI", was filed on February 13, 2017. The amended complaint is also deficient and many of the claims asserted appear to be untimely. Plaintiff will be afforded one last opportunity to cure the deficiencies noted herein. He may file a second amended complaint by **April 28, 2017.**

**DISCUSSION**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). The fact that a prisoner pays the filing fee is no barrier to a court, when dismissing the case as frivolous, directing that the dismissal count as a strike under 28 U.S.C. § 1915(g). *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015).

In his original complaint, plaintiff named 18 defendants but included no factual allegations against any of them. His complaint contained only vague and conclusory allegations that all of the defendants conspired to institute policies of harassment and retaliation in the handling of inmate funds and legal supplies, disciplinary sanctions and proceedings, legal mail, grievances, and limiting access to photocopying and the law library. Dkt. 4. The Court advised plaintiff that, if he intended to pursue this lawsuit, he must allege facts showing who violated his rights, when they violated his rights, and how this violation caused him harm. Dkt. 5. He was also advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). In addition, to avoid dismissal for failure to state a claim, plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Plaintiff's amended complaint is not a plain and short statement of his claims. Instead it is 85 pages long and names 58 defendants in addition to "John/Jane Does I thru CI." Dkt. 8. Generally summarized, plaintiff appears to assert claims relating to, *inter alia*: (1) improper handling of grievances; (2) lack of due process for infractions and/or disciplinary hearings; (3) conspiracy; (4) retaliation; (5) mishandling of legal mail; (6) violation of religious freedoms; and (7) interference with access to courts.

In many instances, plaintiff's allegations are confusing and he fails to allege facts from which it may be inferred that any of the named defendants violated his constitutional rights. Instead, he lumps together all "defendants" and claims they have violated his rights. The Court cannot reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8. In this regard, plaintiff should list his factual allegations according to the claims that he is asserting rather than lumping all of his factual allegations together in simple chronological order regardless of their relation to a particular claim.

Plaintiff is advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). Thus, plaintiff must clarify whether he has any basis for pursuing a claim under § 1983. In the second amended complaint, plaintiff must write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that

person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" and "Jane Doe" defendants. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

The amended complaint should be no longer than **20 pages**. Plaintiff should state all of his allegations relating to each claim under separate headings and within those headings should describe exactly what happened, who was involved, and how their involvement caused him harm. If he fails to do so, the Court will recommend dismissal of his complaint.

In the following paragraphs, some of the legal standards that *may* apply to plaintiff's numerous claims are set forth. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**A. Statute of Limitations**

At the outset, the Court notes that many of plaintiff's claims appear to be untimely and barred by the statute of limitations. For example, in paragraph 54, plaintiff refers to over a "thousand" grievances, many of which occurred prior to November 21, 2013, which would not be considered timely filed. In paragraphs 101 through 127, plaintiff complains of conduct at the Washington State Penitentiary that occurred between the years 1983 and 1985. In paragraphs 128 through 161, plaintiff complains of conduct that occurred between the years 1992 and 1998 at the Clallam Bay Corrections Center. In paragraphs 162 through 170, plaintiff complains that between the years 1986 and 2000, "prison and DOC officials have abused his property repeatedly and continuously that the total number of constitutional violations are too numerous to litigate." In paragraphs 171 through 187, plaintiff complains of conduct that occurred between the years 2000 and 2011 at the Washington State Reformatory. In paragraphs 188 through 196, plaintiff complains of conduct that occurred between the years 2002 and 2011 at the Washington State Penitentiary. In paragraphs 197 through 199, plaintiff complains of conduct that occurred on June 10, 2012 at the Airway Heights Corrections Center.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory

acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

Plaintiff filed this action on November 21, 2016. Therefore, claims which accrued before November 21, 2013 are time-barred. It is clear from the face of plaintiff's amended complaint that he knew or had reason to know of the alleged injuries which form the basis of the claims identified in the preceding paragraph well before November 21, 2013, when the statute of limitations for pursuing any Section 1983 action as to these claims expired. Plaintiff must show cause why these claims should not be dismissed.

**B. Due Process – Disciplinary Process**

In Section B of his amended complaint, plaintiff complains generally, in a very broad and conclusory fashion, that DOC's disciplinary process is abusive and unfair. Dkt. 8, pp. 14-16. He states that he has been "found guilty of more than one hundred of these abusive infractions." Dkt. 8, p. 15. However, plaintiff fails to provide any factual allegations relating to these infractions and fails to allege any facts from which it may be inferred that any of the named defendants violated his constitutional rights. To proceed on this claim, plaintiff must allege who was involved, what they did, and how this conduct violated his constitutional rights.

Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974) (including written notice, at least 24 hour notice; written statement of evidence and reasons for disciplinary hearing; right to call witnesses and present documentary evidence). However, the procedural protections afforded by the Due Process Clause adhere only when the disciplinary action implicates a protected liberty interest in some "unexpected manner"

or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

If plaintiff intends to pursue any claims relating to his disciplinary hearings, he should include all of his factual allegations with regard to the denial of due process as to any infraction or hearing against specifically named defendants in one section of his amended complaint. In addition, plaintiff's due process claims are also subject to the three year statute of limitations described above. Therefore, claims which accrued before November 21, 2013 are time-barred.

**C. Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir.1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id*. A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id*. at 856–57. Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (per curiam).

Moreover, "[c]onspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey v. Maricopa Cnty*., 693 F.3d 896, 935 (9th Cir. 2012) (en banc); *Cassettari v. Nev. Cnty*., 824 F.2d 735, 739 (9th Cir.1987) ("The insufficiency of these

allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations.”).

If plaintiff intends to pursue this claim he should include all of his factual allegations of the conspiracy against specifically named defendants in one section of his amended complaint and he must identify the constitutional violation he attributes to the alleged conspiracy.

**D. Retaliation**

“Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.” *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (footnote omitted).

The prisoner must show that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir.1997) (inferring retaliatory motive from circumstantial evidence). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and other circumstantial evidence, as well as direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir.2003). However, mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir.2014) (citing cases) (affirming grant of summary judgment where there was no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

To properly state a claim of retaliation, plaintiff must name the individuals involved in the retaliation and identify the constitutional activity in which he was engaged, he must also describe what retaliatory action each individual took, explain why the action did not advance legitimate penological goals, and describe how his First Amendment rights were actually chilled by the retaliatory action.

If plaintiff intends to pursue any retaliation claim, he should include all of his factual allegations against specifically named defendants relating to his claim or claims of retaliation in one section of his amended complaint.

**E. Handling of Grievances**

Prisoners have no due process right to the handling of grievances in any particular manner. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff refers to various grievances throughout his amended complaint. However, it is unclear what claim he is attempting to assert with regard to these grievances. Certainly, prisoners cannot be retaliated against for filing grievances or pursuing civil litigation. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). If plaintiff intends to pursue a claim of retaliation, he should refer to the previous section.

**F. Legal Mail**

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may not review outgoing legal mail for legal sufficiency before sending the mail to the court. *See Ex Parte Hull*, 312 U.S. 546, 549 (1941). Prison officials may, however, require mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539,

576-77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). Incoming mail from from the prisoner's attorney is not considered "legal mail", but incoming mail from the courts is "legal mail". *See Keenan*, 83 F.3d at 1094.

Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. In *Sherman*, the Ninth Circuit found "[t]he law in at least three circuits is that mail from attorneys may not be opened out of the presence of the addressee." 656 F.2d at 528. The Ninth Circuit stated it has "not yet decided the issue." *Id*. However, the Ninth Circuit has held an isolated instance or occasional opening of legal mail outside an inmate's presence does not rise to the level of a constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).

If plaintiff intends to pursue this claim he should include all of his factual allegations against specifically named defendants relating to his legal mail claim in one section of his amended complaint.

**G. Violation of Freedom of Religion**

In order to implicate the Free Exercise Clause, the inmate's belief must be religious in nature and sincerely held. *See Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (internal quotations and citation omitted); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (adopting the "sincerity test" set forth in *Malik, supra*). A free exercise violation occurs when an inmate's religious practice is burdened by preventing the inmate from engaging in sincere religious conduct. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997), *overruled in part by Shakur*, 514 F.3d at 885. A mere inconvenience does not give rise to a violation; the burden imposed must be substantial. *Freeman*, 125 F.3d at 737. Additionally, a prison official's negligent or accidental interference with an inmate's ability to exercise his religious beliefs does

not state any claim actionable under § 1983. *Lovelace v. Lee*, 472 F.3d 174, 194 (4th Cir. 2006). Instead, a plaintiff must demonstrate the prison officials knowingly placed a substantial burden on his ability to practice his religious beliefs. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988) (emphasis added).

Additionally, a restriction on an inmate's free exercise rights is valid if it is reasonably related to legitimate penological interests. *See O'Lone*, 482 U.S. at 349 (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)). Prison officials must show the restriction of the prisoner's exercise of religion was reasonably related to a legitimate penological objective. *See Ashelman v. Wawrzaszek*, 111 F.3d 674, 677–78 (9th Cir. 1997); *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir.1987) (*citing Turner*, 482 U.S. at 89–91).

If plaintiff intends to pursue a violation of his religious freedom with regard to being allowed to burn his hair, he should include all of his factual allegations against specifically named defendants relating to this claim in one section of his amended complaint.

**H. Access to Courts**

Plaintiff alleges in various parts of his complaint that defendants are limiting his access to the law library, legal computers, and materials necessary to complete legal work.

In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), the United States Supreme Court held that inmates possess a fundamental constitutional right of access to courts in order to contest the fact, duration and conditions of their confinement. *Id.* at 822-23. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained that the "Constitution does not require that prisoners be able to conduct generalized research," but rather, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions or their confinement." *Id.* at 355, 360.

The Ninth Circuit has held that this right does not extend beyond the initial pleading phase. *Cornett v. Donovan*, 51 F.3d 894 (9th Cir. 1995). Further, this right does not require that prison officials provide affirmative assistance, but rather forbids states from "erecting barriers that impede the right of access of incarcerated persons." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (citing *John L. v. Adams*, 969 F.2d 228 [6th Cir. 1992]).

In order to establish a violation of the right of access to courts, an inmate must show actual injury. Actual injury results from "some specific instances in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989). Moreover, a prison regulation impinging on inmates' constitutional rights, even a right of access to the courts, is valid if it is reasonably related to legitimate penological interests. *See Lewis*, 518 U.S. at 353 (citing to *Turner v. Safley*, 482 U.S. 78, (1987).

If plaintiff intends to pursue this claim, he should include all of his factual allegations against specifically named defendants relating to his access to courts claim in one section of his amended complaint and he must include facts describing actual injury.

**CONCLUSION**

The Court **DECLINES** to serve the complaint which as discussed above is deficient. However, the Court again grants plaintiff permission to submit a second amended complaint to attempt to cure the above-mentioned deficiencies by **April 28, 2017.** The second amended complaint must carry the same case number as this one. It should be limited to **20 pages.** Plaintiff should **list his claims in separately numbered paragraphs containing all relevant factual allegations relating to each separately numbered claim.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. **If the second**

**amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

**DATED** this 28th day of March, 2017.

Karen L. Strombom
United States Magistrate Judge