UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY TYREE BROWN,

                Plaintiff,

v.

RICHARD MORGAN, et al.,

                Defendants.

No. C16-5975 RBL-TLF

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT TO CURE DEFICIENCES OR TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 8(a).**

On December 13, 2016, the Court declined to serve *pro se* plaintiff Gregory Tyree Brown's civil rights complaint (Dkt. 4) because of several noted deficiencies. Dkt. 5. However, the Court granted Brown leave to file an amended complaint, and an extension of time within which to do so, to cure the deficiencies or show cause why his complaint should not be dismissed. Dkt. 7. Brown filed an 84-page amended complaint, naming 58 defendants and "John/Jane Does I through CI", on February 13, 2017. Dkt. 8. Because Brown's first amended complaint was also deficient and many of the claims he asserted appeared to be untimely, the Court provided Brown with a second opportunity to cure the noted defects. Dkt. 10. The Court specifically directed Brown to limit his second amended complaint to 20 pages. *Id.*, p. 12.

On May 2, 2017, Brown filed a second amended complaint. Dkt. 14. This version is 54 pages long and names 76 defendants. Many allegations contained in the complaint concern acts and omissions that apparently occurred outside of the applicable three-year statute of limitations.

ORDER - 1

Brown has not shown that each of the allegedly operative decisions, acts, or omissions that constitute "discrete acts" occurred during within the three-year statute of limitations. *See RK Ventures Inc., v. City of Seattle,* 307 F.3d 1045, 1061 (9th Cir. 2002) (discrete acts, even when they are "related and similar to" more recent acts, are not actionable if the discrete acts occurred outside the statute of limitations period).

Brown is directed to file a third amended complaint containing a short, plain statement of the allegations concerning only those claims potentially within the statute of limitations and naming only those defendants who participated in or caused a violation of his constitutional rights within the statute of limitations. The Court also admonishes Brown that his third amended complaint shall not be as lengthy, and he must make every effort to describe the factual allegations in plain and clear language, as required by Fed. R. Civ. P. 8(a). If he fails to do so, the complaint may be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a),(b)(1), because it fails to comply with Fed. R. Civ. P. 8(a) and because it fails to state a claim upon which relief may be granted. This dismissal may count as a strike under 28 U.S.C. § 1915(g). Brown must file his third amended complaint by **September 11, 2017**.

## PLAINTIFF'S ALLEGATIONS

Brown purports to sue 76 employees of the Department of Corrections ("DOC") for conduct allegedly occurring from 1984 to the present in at least four correctional institutions (Clallam Bay Corrections Center, Washington State Penitentiary, Washington State Reformatory, and Airway Heights Corrections Center). In paragraphs 44-107 and 165-172, Brown claims he was denied access to courts, was retaliated against, had false grievances filed against him, had his magazines and mail confiscated, and was wrongfully transferred. All of these events occurred between 1984 and 2013 and according to Brown inflicted "constant and

ORDER - 2

prolonged fear." *Id.*, ¶ 107. In paragraphs 165-172, Brown asserts that between July 1983 and December 2017, over 700,000 grievances were filed by all prisoners but no staff misconduct was ever found and this resulted in a "culture of fear and terror for prisoners." *Id.*, ¶ 172.

The allegations set forth in paragraphs 112-164 appear to be timely and may state sufficient facts to constitute a claim under 42 U.S.C. § 1983. For example, Brown alleges that his legal mail was wrongfully confiscated in March 2014; he was denied access to the courts in May 2014; he was wrongfully infracted for refusing to participate in an approved education program in August 2014; his religious items were wrongfully confiscated in November 2015; his library access was denied in January 2016; the law library was deficient in September 2015; and he received retaliatory demerits in March 2014. Dkt. 14, ¶¶ 112-164.

## DISCUSSION

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A court may dismiss a complaint as frivolous, and that dismissal may count as a strike under 28 U.S.C. § 1915(g), even when the prisoner paid the filing fee as Brown did. *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015).

Brown sued under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must allege that he suffered a

ORDER - 3

specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping, conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Tworivers*, 174 F.3d at 992). The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Brown filed this action on November 21, 2016. **Therefore, claims which accrued before November 21, 2013 are time-barred.** It is clear from the face of Brown's amended complaint that he knew or had reason to know of the alleged injuries which form the basis of the claims identified in ¶¶ 44-107 occurred well before November 21, 2013, when the statute of limitations for pursuing any Section 1983 action as to these claims expired.

Brown does not dispute that his allegations of conduct occurring before November 21, 2013 are time-barred. Dkt. 13. Rather, relying on an employment discrimination case, *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), he argues that these allegations can be taken as "evidence" that he has been subjected to a "hostile environment" for over thirty years. He also argues that the alleged acts constitute a hostile environment that persisted until at least April 2016, so that, under *Morgan*, "the entire time period of the hostile environment may be considered." *Morgan*, 536 U.S. at 103.

Brown reads *Morgan*, an employment discrimination case under Title VII, too broadly. The Supreme Court held that a plaintiff could recover for acts predating the statutory period where those acts were part of a hostile work environment, so long as the hostile environment included an act that occurred within the statutory period. *Id.* at 116-17. The Court did not allow the plaintiff to recover for discrete acts of discrimination that occurred outside the statutory period. *Id.* at 114. This Court is aware of no case finding that numerous discrete acts by numerous defendants, all unrelated to sexual harassment, can constitute a "hostile environment" that violates the Eighth Amendment.

Some courts, including district courts in the Ninth Circuit, have applied the similar "continuing violation" doctrine to claims that prison officers were deliberately indifferent to serious medical needs in violation of the Eighth Amendment. *See Heard v. Sheahan*, 253 F.3d

ORDER - 5

316, 318 (7th Cir. 2001); *Gipbsin v. Kernan*, No. 2:12-cv-0556-GEB DAD P, 2015 WL 3993073, at *3 (E.D. Cal. June 30, 2015) (unpublished) (collecting cases). Under that rule, "a plaintiff can reach back to [an alleged violation's] beginning[,] even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Heard*, 253 F.3d at 319. Here, however, Brown alleges that numerous defendants committed discrete acts, including confiscating his legal materials, retaliating against him for pursuing a civil rights complaint, and fabricating infractions against him, over the course of three decades. Even assuming that the continuing violation doctrine would extend to Eighth Amendment claims that do not involve deliberate indifference to serious medical needs, the acts Brown alleges cannot plausibly support an inference that they are part of a "continuous series of events." *See id.* at 318 (explaining continuing violation doctrine).

## CONCLUSION

Therefore, the Court is allowing Brown one more opportunity to file by **September 11, 2017** a third amended complaint that is not as lengthy and describes the factual allegations in plain and clear language, as required by Fed. R. Civ. P. 8(a). The third amended complaint should include only those claims that occurred within the statute of limitations (i.e. after November 21, 2013) and only allegations concerning those defendants who allegedly participated in or caused a violation of Brown's constitutional rights.[1] The "short and plain

---

[1] Mr. Brown is not proceeding *in forma pauperis* in this case. *See* Receipt No. TAC014338. Therefore, and assuming he is able to file a viable third amended complaint, he will be responsible for serving copies of the summons and third amended complaint on all the defendants within 120 days after the third amended complaint is approved for filing by the court. *See* Fed. R. Civ. P. 4.
.

ORDER - 6

statement" requirement of Fed. R. Civ. P. 8(a) applies to cases under 42 U.S.C. § 1983. *Swierkiewicz v Sorema N.A.,* 524 U.S. 506, 512 (2002). A violation of Fed. R. Civ. P. 8(a) occurs when a plaintiff files a complaint that includes confusing language and too much information. *Cafasso, U.S. ex. Rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise." (citing cases)).

Brown must demonstrate in his third amended complaint how the conditions he complains of deprived him of his federal rights. The complaint must allege in specific terms how each named defendant is personally involved, either directly or indirectly causing a deprivation of the federal rights that Brown alleges to have been breached. There can be no liability or equitable relief under 42 U.S.C. § 1983 if the plaintiff cannot establish an affirmative link or connection between acts or omissions of each specific defendant, and the claimed deprivation of federal rights. *Rizzo v. Goode, supra,* 423 U.S. at 371-72, 377; *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

**DATED** this 11th day of August, 2017.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER - 7