# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GREGORY TYREE BROWN,

    Plaintiff,

v.

RICHARD MORGAN, et. al.,

    Defendants.

Case No. C16-5975 RBL-TLF

REPORT AND RECOMMENDATION

Noted for January 5, 2018

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's orders. Dkts. 5, 10, 17. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss all time-barred claims.

## BACKGROUND

Plaintiff, who is housed at Clallam Bay Corrections Center, alleges his constitutional rights were violated by 76 employees of the Department of Corrections ("DOC") for conduct allegedly occurring from 1984 to the present in at least four correctional institutions (Clallam Bay Corrections Center, Washington State Penitentiary, Washington State Reformatory, and Airway Heights Corrections Center). Dkt. 4.

On December 13, 2016, the Court declined to serve plaintiff's complaint (Dkt. 4) because

of several noted deficiencies. Dkt. 5. The plaintiff was given an opportunity to file an amended complaint, and an extension of time within which to do so, to cure the deficiencies or show cause why his complaint should not be dismissed. Dkt. 7.

Plaintiff filed an 84-page amended complaint, naming 58 defendants and "John/Jane Does I through CI", on February 13, 2017. Dkt. 8. The first amended complaint was also deficient and many of the claims he asserted appeared to be untimely; so the Court provided plaintiff with a second opportunity to cure. Dkt. 10. The Court specifically directed plaintiff to limit his second amended complaint to 20 pages. *Id.*, p. 12.

Plaintiff filed a second amended complaint. Dkt. 14. This document is 54 pages long and names 76 defendants. Many allegations contained in the complaint concern discrete acts and omissions that fall outside of the applicable three-year statute of limitations.

In paragraphs 44 through 111 (Dkt. 14 at pp. 14-32), plaintiff claims he was denied access to courts, was retaliated against, had false grievances filed against him, had his magazines and mail confiscated, and was wrongfully transferred. All of these events occurred between 1984 and 2013 and according to plaintiff inflicted "constant and prolonged fear." Dkt. 14, ¶ 107. In paragraphs 165 through 172, plaintiff asserts that between July 1983 and December 2017, over 700,000 grievances were filed by all prisoners but no staff misconduct was ever found and this resulted in a "culture of fear and terror for prisoners." *Id.*, ¶¶ 167, 172.

The allegations set forth in paragraphs 112 through 164 (Dkt. 14 at pp. 32-46) and 181(Dkt. 14 at 52) appear to be timely and may possibly state sufficient facts to constitute a claim under 42 U.S.C. § 1983. For example, plaintiff alleges that his legal mail was wrongfully confiscated in March 2014; he was denied access to the courts in May 2014; he was wrongfully infracted for refusing to participate in programming in August 2014; his religious items were

wrongfully confiscated in November 2015; his library access and denied in January 2016; the law library was deficient in September 2015; and in March 2014 he received retaliatory demerits. Dkt. 14, ¶¶ 112-164.

On August 8, 2017, plaintiff was directed to file a third amended complaint containing a short, plain statement of the allegations concerning only those claims potentially within the statute of limitations and naming only those defendants who participated in or caused a violation of his constitutional rights within the statute of limitations. Dkt. 17. The Court also admonished plaintiff that his third amended complaint must not be as lengthy, and he must make every effort to describe the factual allegations in plain and clear language, as required by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a). He was warned that the complaint may be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a),(b)(1), because it fails to comply with Fed. R. Civ. P. 8(a) and because it fails to state a claim upon which relief may be granted. He was further warned that this dismissal may count as a strike under 28 U.S.C. § 1915(g).

On September 11, 2017, plaintiff filed a response to the Court's order to show cause or to amend. Dkt. 18. He argues that dismissing the complaint under Fed. R. Civ. P. 8(a) would be an abuse of discretion, that his claims are not barred by the statute of limitations, and that the entities and individuals named in his complaint are properly included. He "respectfully stands on the pleadings contained in his Second Amended Complaint for purposes of appellate review." Dkt. 18 at 8.

## DISCUSSION

**A.  Screening under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a),(b)**

The Court is required to screen *in forma pauperis* prisoner complaints and must dismiss the complaint "at any time if the [C]ourt determines" that the action: (a) is frivolous, or (b) malicious, or (c) 'fails to state a claim on which relief may be granted' or (d) "seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. § 1915A(a),(b).[2] A prisoner proceeding *in forma pauperis* may only have three dismissals ("strikes") under 28 U.S.C. § 1915(g).[3] An order of dismissal under Section 1915(g) includes dismissals due to frivolousness, maliciousness, and a failure to state a claim.

A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). Mr. Brown's complaint appears to be presented in good faith, and is not an example of ludicrous, flagrantly false, spurious allegations that would justify categorizing this complaint as frivolous (lacking an arguable basis either in law or in fact) or malicious (intending or desiring to harm another). *Neitzke v. Williams,* 490 U.S. 319, 325, 329-331 (1989) (holding that not every complaint that is dismissed for failure to state a claim would also be "frivolous" under 28 U.S.C. §1915); *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005) (describing the legal standards for determining whether a complaint should be considered frivolous, or malicious). Therefore, the complaint would *not* fall under 28 U.S.C. § 1915(e)(2)(B)(i) or the first two clauses of § 1915A(b)(1).

When dismissing a complaint pursuant to FRCP 12(b)(6), leave will be granted to amend, unless "the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*,

---

[1] *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.").

[2] *See id.*("**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."; and "**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or **(2)** seeks monetary relief from a defendant who is immune from such relief."),

[3] *See id.* ("**(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

203 F.3d 1122, 1127-1130 (9th Cir. 2000). The legal standard for failure to state a claim under 28 U.S.C. §1915 incorporates the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6). *Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012).

"[T]he district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). "District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A district court may sua sponte dismiss claims where the plaintiff cannot possibly state a claim for relief. *See, Reed v. Lieurance,* 863 F.3d 1196, 1207-1208 (9th Cir. 2017); *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). Yet a district court should not dismiss a complaint with prejudice unless it has first considered options that are less drastic. *Hearns v. San Bernadino Police Dept.,* 530 F.3d 1124, 1132 (9th Cir. 2008).

Dismissals should be imposed only in extreme circumstances. *Id.*; *Ferdik*, 963 F.2d at 1260. "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (*quoting Thompson*, 782 F.2d at 831). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (*quoting Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998)).

The Court finds several factors weigh in favor of dismissing this action.[4] First, the Court has provided plaintiff with several less dramatic alternatives to dismissal (Factor 5). Plaintiff has been given several opportunities to amend his complaint. *See* Dkts. 7, 10, 17. The Court notified plaintiff of the deficiencies of his complaint and proposed amended complaints and plaintiff was placed on notice this action would be dismissed if he failed to follow the Court's order. The Court further granted two time extensions to plaintiff. Dkts. 7, 15.

Plaintiff has failed to comply with the Court's orders to limit the length of his complaint and include only those claims and defendants not barred by the statute of limitations. The Court finds that plaintiff has failed to cure the deficiencies in his complaint. Accordingly, Factor 5 weighs in favor of dismissing the time-barred claims from the case; and also weighs in favor of dismissing the entire case if the plaintiff fails to comply with the Court's order concerning a third amended complaint. *See Ferdik*, 963 F.2d at 1262 (finding the district court's decision to dismiss for failure to comply with a court's order was appropriate when the district court notified the plaintiff of the deficiencies of his complaint, gave him extensions to bring his complaint into compliance, and notified him that failure to follow the order would result in dismissal).

Second, the public's interest in expeditious resolution of litigation (Factor 1) and the Court's need to manage its docket (Factor 2) weigh in favor of dismissal. Plaintiff filed this case in November of 2016. Dkt. 1. Plaintiff's case has been pending for about a year and plaintiff has yet to file an amended complaint in compliance with this Court's orders. The Court must manage its docket to avoid "vexatious noncompliance of litigants[.]" *Ferdik*, 963 F.2d at 1261. Therefore, the Court finds the interest of managing its docket, enforcing its orders, and ensuring expeditious resolutions of cases weigh in favor of dismissal.

---

[4] The Court will discuss the factors in order of significance in this case, not numerically.

The Court notes the risk of prejudice to defendants (Factor 3) is not high in this case because plaintiff has not yet served a complaint that names individual defendants and alleges claims against each defendant. Yet it is important to recognize that "[p]rolix, confusing complaints. . . impose unfair burdens on litigants and judges." *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996). In order to perform the screening of pro se complaints that are not "short, plain statements", the Court must pick through a voluminous set of allegations and use and outline or grid to determine who is being sued for what, and which factual allegations concern which defendant, leading to discovery disputes that are unnecessary and lengthy motions and trials that could be more focused. *Id.*

The Court finds that the first three factors weigh in favor of dismissal of the complaint, but Factor 4 (public policy favoring disposition of cases on their merits) should be considered along with the other factors in this case. *See Ferdik*, 963 F.2d at 1262-63 (even if the prejudice and public policy factors weighed against dismissal, they do not outweigh the three factors supporting dismissal). Factor 4 weighs in favor of allowing cases to be decided on the merits and would weigh in favor of allowing the case to move forward. *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002). Factor five – availability of less severe remedies -- weighs in favor of dismissing only the time-barred claims. *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d at 1228-1229. Weighing the factors, the undersigned recommends dismissal of plaintiff's time-barred claims for failure to comply with Court orders; yet the undersigned recommends that the remaining claims in the complaint should be served for a response by the defendants.

**B.      Failure to State a Claim upon Which Relief May Be Granted**

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about

REPORT AND RECOMMENDATION - 7

which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping, conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Additionally, Fed. R. Civ. P. 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.

42 U.S.C. § 1983 contains no statute of limitations, and the statute of limitations from the state cause of action most like a civil rights act is therefore used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); RCW 4.16.080(2). Federal law determines when a civil rights cause of action commences, and when a claim accrues, for purposes of the statute of limitations. *Douglas v. Noelle,* 567 F.3d 1103, 1109 (9th Cir. 2009); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A cause of action under 42 U.S.C. § 1983 commences in federal district court when the complaint is filed. *Sain v. City of Bend,* 309 F.3d 1134, 1136 (9th Cir. 2002); Fed. R. Civ. P. 3. A claim accrues when the plaintiff

knows or has reason to know of the injury which is the basis of the action. *Belanus v. Clark,* 796 F.3d 1021, 1025 (9th Cir. 2015).

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) on the face of the complaint "if the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010). The complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no plausible set of facts that would support the claim, and therefore any amendment would be futile. *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1088 (9th Cir. 2002).

Plaintiff filed this action on November 21, 2016. Therefore, claims which accrued before November 21, 2013, are time-barred. *See RK Ventures Inc., v. City of Seattle,* 307 F.3d 1045, 1061 (9th Cir. 2002) (discrete acts, even when they are "related and similar to" more recent acts, are not actionable if the discrete acts occurred outside the statute of limitations period). It is clear from the face of plaintiff's amended complaint that he knew or had reason to know of the alleged injuries which form the basis of the claims identified in ¶¶ 44-111, occurred well before November 21, 2013, when the statute of limitations for pursuing any Section 1983 action as to these claims expired.

Plaintiff does not dispute that his allegations of conduct occurring before November 21, 2013, are time-barred. Dkt. 13. Rather, relying on an employment discrimination case, *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), he argues that these allegations can be taken as "evidence" that he has been subjected to a "hostile environment" for over thirty years. He also argues that the alleged acts constitute a hostile environment that persisted until at least April 2016, so that, under *Morgan*, "the entire time period of the hostile environment may be considered." *Morgan*, 536 U.S. at 103.

In *Morgan*, an employment discrimination case brought under Title VII, the Supreme Court held that a plaintiff could recover for acts predating the statutory period where those acts were part of a hostile work environment, so long as the hostile environment included an act that occurred within the statutory period. *Id.* at 116-17. The Court did not allow the plaintiff to recover for discrete acts of discrimination that occurred outside the statutory period. *Id.* at 114. The continuing violation doctrine does not apply to discrete acts (as opposed to hostile work environment claims where there is a pervasive set of behaviors that show a system of discrimination rather than discrete acts), even if the acts that happened before the operative accrual date for purposes of the statute of limitations were related to acts that occurred within the statutory timeframe. *RK Ventures, Inc. v. City of Seattle,* 307 F.3d at 1061; *Hatfield v. City of Bremerton,* 73 Fed. Appx. 198, 99 (9th Cir. 2003). In discrimination cases, the continuing violations doctrine would extend "the accrual of a claim if a continuing system of discrimination violates an individual's right up to a point in time that falls within the applicable limitations period." *Douglas v. Cal. Dep't of Youth Auth.,* 271 F.3d 812, 822 (9th Cir. 2001) (internal quotation marks omitted).

When "there is no single incident that can fairly or realistically be identified as the cause of significant harm", *Flowers v. Carville,* 310 F.3d 1118, 1126 (9th Cir. 2002), and the claim is based on "cumulative effect of individual acts", *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, and one or more of the acts happened during the limitations period, *Knox v. Davis,* 260 F.3d 1009, 013 (9th Cir. 2001), a plaintiff may successfully show the continuing violations doctrine, or the continuing tort doctrine, applies.

However, if the heart of the plaintiff's claims "does not stem from the policy . . . but rather from the individualized decisions that resulted from implementation of a policy . . . these

individualized decisions are best characterized as discrete acts, rather than as a pattern or practice of discrimination." *Pouncil v. Tilton,* 704 F.3d 568, 582 (9th Cir. 2012) (internal citations and quotations omitted). If there are "separate, discrete, and independently wrongful" acts that form the basis of the claim, then it follows that "each wrongful act starts a new clock for filing a claim alleging that act." *Id.,* at 582-583; *see also, National R.R. Passenger Corp. v. Morgan,* 536 U.S. at 114 ("Each discriminatory act starts a new clock for filing charges alleging that act.").

Here, plaintiff alleges that numerous defendants committed discrete acts, including confiscating his legal materials, retaliating against him for pursuing a civil rights complaint, and fabricating infractions against him, over the course of three decades. These claims do not fall within the continuing violations doctrine that applies in the context of discrimination cases, because they are not claims that involve circumstances where a specific act cannot be identified, but the cumulative effect of a pattern or practice is the heart of the claim. *RK Ventures, Inc. v. City of Seattle,* 307 F.3d at 1061; *Hatfield v. City of Bremerton,* 73 Fed. Appx. at 199. Even if there was some argument to be made that the continuing violation doctrine would extend to Eighth Amendment conditions of confinement claims, First Amendment access to courts claims, or retaliation claims, the acts plaintiff alleges cannot plausibly support an inference that they are part of a pattern of behavior that is similar to discrimination or harassment. As such, plaintiff has failed to cure the deficiencies noted in his complaint.

**C.     Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). This Court provided plaintiff with notice of the deficiencies in his claims. *See* Dkts. 5, 10, 17. As

plaintiff has been given leave to amend three times and has been instructed regarding the deficiencies of his claims, the Court recommends plaintiff's claims contained in the second amended complaint, paragraphs 44 through 111, should be dismissed with prejudice as time-barred. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

The remaining claims in the complaint should be served on the defendants. *See Thunderbird v. Oregon State Department of Corrections,* No. CV 08-1404-PK at \*3 - \*4. (D. Or. 2011) (dismissing under the Oregon statute of limitations a pro se inmate plaintiff's § 1983 allegations of longstanding, continuing violations of constitutional and statutory law during his confinement, but allowing other claims to proceed; the Court rejected the plaintiff's argument that the continuing violations doctrine should be applied in the context of the plaintiff's disability claims). Therefore, the Court should refer this matter back to the undersigned for service of the existing second amended complaint (Dkt. 14), with an explanation to defendants that they need not respond to the portions of the second amended complaint – paragraphs 44 through 111 – that the Court has dismissed with prejudice under the screening provisions of the PLRA.

## CONCLUSION

Because plaintiff already has been granted three opportunities to state a viable constitutional claim by filing an amended complaint – but the second amended complaint (Dkt. 8) remains fatally deficient without any indication the statute of limitations problem discussed

above can be cured – dismissal of those claims that are time barred, for failure to state a claim under 42 U.S.C. § 1983, is proper.

The plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **January 5, 2018**, as noted in the caption.

Dated this 21st day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge