# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GREGORY TYREE BROWN,

        Plaintiff,

v.

RICHARD MORGAN, et al.,

        Defendants.

Case No. C16-5975 RBL-TLF

ORDER DISMISSING CERTAIN DEFENDANTS, DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT, AND REFERRING TO MAGISTRATE JUDGE

This matter is before the Court on Magistrate Judge Fricke's Report and Recommendation, which recommends dismissal of certain defendants and service of the Second Amended Complaint upon the remaining defendants. The court, having reviewed the Report and Recommendation and the remaining record, does hereby find and **ORDER**:

    (1)    The Court adopts the Report and Recommendation.

    (2)    Plaintiff's claims against the following defendants are **dismissed with prejudice**:

           Ron Andering
           Corrections Officer Bennett
           Corrections Officer Boule
           Dave Bustonaby
           Sgt Cannon
           Sgt Card
           Christopher Cluever
           Gary Edwards
           Aaron Flack
           Gary Ford
           Sgt Fredrickson
           Gale Gleason
           Archie Grant
           Sgt Hartford
           Corrections Officer Hepler

ORDER DISMISSING CERTAIN DEFENDANTS,
DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT,
AND REFERRING TO MAGISTRATE JUDGE - 1

Corrections Officer Jarrell
Ron Knight
Sgt Knox
John Lambert
Mike Leahy
Harold Lee
Les Marts
J Massaro
Sgt McIntyre
Lewis Menke
Gale Munden
Cliff Owens
Sgt Patton
Cliff Pease
Sgt Penrose
Sgt Richardson
Corrections Officer Rodriguez
Carla Schettler
Lt Schneider
Mark Shodahl
Steven Sowers
Sgt Sukert
Debra Sutton
Larry Uribe
Al Walter
Corrections Officer Winn
Tana Wood
Bill Woodley

(3) Plaintiff's claims against the following defendants are **dismissed without prejudice**:

Clara Curl
Paul Duenich
Harold Kupers
Joseph Lehman
Maggie Miller-Stout
Corrections Officer Reed
Sergeant Reno
Corrections Officer Smith
Sergeant Strang

(4) The portions of plaintiff's claims set forth in paragraphs 173-181 of the Second Amended Complaint that rely upon conduct alleged in the previously dismissed paragraphs (44-111) are **dismissed with prejudice**. Any defendants named in paragraphs 173-181 who were no longer in their positions with DOC or its prisons as of November 21, 2013 are also subject to dismissal; however, the Second

Amended Complaint does not contain sufficient information to identify such defendants.

(5) The following are the defendants remaining in the case. The Clerk of the Court shall conform the docket accordingly:

Terry Anderson
Dale Caldwell
J. Campbell
Sandra Diimmel
Sgt Dreyer
Donald Duncan
Ian Erickson
Scott Frakes
Roy Gonzales
Barbara Gronseth
Kurt Grubb
Ron Haynes
Dan Heaward
Robert Herzog
Mike Holthe
Margo Jensen
Larry Kincheloe
Mary Klepps
Corrections Officer Kvam
Robert Moore
Richard Morgan
Fay Nicholas
Mike Obenland
Amos Reed
Chase Riveland
Terry Schneider-Cornish
Bob Shaw
Steve Sinclair
James Spalding
Yvette Stubbs
Eldon Vail
Bernard Warner
Robert (Bob) Wright

(5) The remaining claims are **re-referred** to Magistrate Judge Fricke.

(6) Plaintiff's motions for orders directing service, Dkts. 27, 28 and 29, are **granted**, to the extent consistent with the terms in this Order. The Court further orders the following:

(a) <u>Service by Clerk</u>

Plaintiff is currently incarcerated at Clallam Bay Correctional Center (CBCC) and is subject to Mandatory Electronic E-Filing pursuant to General Orders 02-15 and 06-16. The Clerk is directed to send the following to the defendants listed below by e-mail: copies of plaintiff's Second Amended Complaint (Dkt. 14), this Order, the Court's Order Dismissing Deficient Claims (Dkt. 26), the Court's Order Granting Motion to Substitute Parties (Dkt. 35), the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons:

> Dale Caldwell, Department of Corrections (DOC) Grievance Program Manager
> Sandra Diimmel, CBCC
> Sergeant Dreyer, CBCC Correctional Sergeant
> Donald Duncan, CBCC Chaplain
> Ian Erickson, CBCC Law Librarian Assistant
> Roy Gonzales, DOC Correctional Program Manager
> Kurt Grubb
> Dan Heaward, CBCC Hearings Officer
> Robert Herzog, DOC Deputy Secretary
> Mike Holthe, CBCC Grievance Coordinator
> Fay Nicholas, CBCC Correctional Guard
> Terry Schneider-Cornish, CBCC Mailroom Supervisor
> Steve Sinclair, DOC Secretary
> Yvette Stubbs, CBCC Law Librarian

The defendants shall be notified that they need not respond to paragraphs 44 through 111 of the Second Amended Complaint, nor to the portions of paragraphs 173-181 that refer to those allegations, because the Court has dismissed those claims with prejudice.

(b) <u>Statement by the Office of the Attorney General</u>

The Office of the Attorney General of the State of Washington is directed to state whether it is authorized to accept service on behalf of the following defendants alleged to be former DOC employees and, if it is not so authorized, to file under seal their last known addresses within **thirty (30) days** of the date of this order:

> Terry Anderson, CBCC Unit Supervisor

| | |
|---|---|
| 1 | J. Campbell, CBCC Mailroom |
| | Scott Frakes, DOC Deputy Secretary |
| 2 | Barbara Gronseth, CBCC Law Librarian Assistant |
| | Ron Haynes, CBCC |
| 3 | Margo Jensen, DOC Deputy Secretary |
| | Larry Kincheloe, DOC Secretary; WSP Superintendent |
| 4 | Mary Klepps, CBCC |
| | Corrections Officer Kvam, CBCC Correctional Guard |
| 5 | Robert Moore, CBCC Superintendent |
| | Richard Morgan, DOC Secretary; CBCC Superintendent; WSP Superintendent |
| 6 | Mike Obenland, CBCC Superintendent |
| | Amos Reed, DOC Secretary |
| 7 | Chase Riveland, DOC Secretary |
| | James Spalding, DOC Secretary; |
| 8 | Bob Shaw, CBCC Superintendent; |
| | Eldon Vail, DOC Secretary |
| 9 | Bernard Warner, DOC Secretary |
| | Robert (Bob) Wright, CBCC Superintendent |

(c) <u>Response Required</u>

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(d) <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

ORDER DISMISSING CERTAIN DEFENDANTS,
DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT,
AND REFERRING TO MAGISTRATE JUDGE - 5

Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

(e)  Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

ORDER DISMISSING CERTAIN DEFENDANTS,
DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT,
AND REFERRING TO MAGISTRATE JUDGE - 6

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

   (f)   Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own**

**evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

   (g) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

   (h) The Clerk is directed to send copies of this Order to plaintiff.

Dated this 18th day of October, 2018.

                 Ronald B. Leighton
                 United States District Judge