1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

GREGORY TYREE BROWN,

7

Plaintiff,

v.

8

RICHARD MORGAN ET AL.,

9

Defendants.

10

Case No. 3:16-cv-5975-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for March 6, 2020

11        This matter is before the Court on defendants' motion to dismiss certain claims in

12  the second amended complaint (Dkt. 59), plaintiff's "motion to waive court rule or

13  appoint counsel" (Dkt. 71), plaintiff's "motion to excuse untimely filing of proposed third

14  amended complaint" (Dkt. 73), and plaintiff's motion for leave to file a third amended

15  complaint (Dkt. 74). This matter has been referred to the undersigned Magistrate Judge.

16  *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B);

17  Local Rule MJR 4(a)(4).

18        For the reasons set forth below, the Court should: (1) grant plaintiff's request that

19  the Court waive the court rule; and deny plaintiff's request for appointment of counsel

20  (Dkt. 71); (2) grant plaintiff's motion to excuse untimely filing of proposed third amended

21  complaint (Dkt. 73); (3) grant in part and deny in part plaintiff's motion to file a third

22  amended complaint (Dkt. 74); (4) dismiss defendants Margo Jensen, Larry Kincheloe,

23  Robert Moore, Amos Reed, Chase Riveland, Bob Shaw, James Spalding, Eldon Vail,

24

25

REPORT AND RECOMMENDATION - 1

1  and Robert (Bob) Wright, without prejudice based on plaintiff's acknowledgment that

2  these defendants are not properly a part of this action; (4) strike defendants' motion to

3  dismiss (Dkt. 59) as moot; (5) direct the Clerk to enter the proposed third amended

4  complaint (Dkt. 74-1) as the operative complaint; and (6) direct defendants to file a new

5  responsive pleading in accordance with the Federal Rules of Civil Procedure and Local

6  Rules.

DISCUSSION

7

8  **A.    Motions to Waive Court Rule or Appoint Counsel and To Excuse Untimely
         Filing of Proposed Third Amended Complaint**

9

10         Under Local Rule 15 for the Western District of Washington, when the parties

11  to an action seek to amend their pleadings they must "indicate on the proposed

12  amended pleading how it differs from the pleading that it amends by bracketing or

13  striking through the text to be deleted and underlining or highlighting the text to be

14  added." Local Rule 15.

15         Plaintiff's proposed third amended complaint does not comply with the local

16  rule. Plaintiff requests that the Court waive the local rule requirement stating that he

17  does not have access to a typewriter with enough memory to comply with this rule.

18  Dkts. 71, 72, 74-1. The Court notes that it does not find this a persuasive reason on

19  its own for plaintiff's failure to comply with the local rule; the record shows he is

20  capable of drafting lengthy pleadings. However, upon review, the Court finds that

21  while plaintiff's proposed third amended complaint is somewhat lengthy (65 pages) in

22  in many ways articulates his claims more clearly and is better organized than

23  plaintiff's second amended complaint. Dkt. 74-1. The proposed third amended

24  complaint also adds additional facts in support of several of plaintiff's claims. The

25

REPORT AND RECOMMENDATION - 2

1    Court also notes that while the proposed third amended complaint does seek to add

2    a few additional claims, it does not seek to add any additional parties. Accordingly, in

3    the interests of efficiency, the Court recommends granting plaintiff's motion to waive

4    the local rule in this limited instance and considering the merits of plaintiff's motion to

5    amend.[1]

6        Plaintiff also requests appointment of counsel (in the alternative) if the Court

7    does not waive the local rule. Dkt. 71. If the Court adopts the recommendation to

8    waive the local rule, this branch of plaintiff's motion should be denied as moot.

9    Alternatively, this branch of the motion should be denied as plaintiff has not met his

10   burden of showing a likelihood of success on the merits or that he is unable to articulate

11   his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v.*

12   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (In determining whether exceptional

13   circumstances exist warranting appointment of counsel in a § 1983 action, the Court

14   evaluates both "the likelihood of success on the merits [and] the ability of the petitioner

15   to articulate his claims *pro se* in light of the complexity of the legal issues involved.")

16   (internal citations omitted). Plaintiff has filed numerous pleadings in this action and has

17   thus far demonstrated a sufficient ability to articulate and litigate his claims *pro se*.

18   Furthermore, at this point in the litigation, where defendants have not filed an answer,

19   the Court is unable to determine whether plaintiff is likely to succeed on the merits of his

20   claims.

21

22

23   [1] The Court notes that while it recommends making an exception to the court rule in this instance, plaintiff is not hereby relieved of his obligation to comply with that rule in any future filings in this or any other case.

24

25

REPORT AND RECOMMENDATION - 3

Plaintiff also moves for leave to excuse the untimely filing of his proposed third amended complaint. Dkt. 73. It is somewhat unclear why plaintiff believes his filing to be "untimely" except that he filed it the day after he filed his response to defendants' motion to dismiss. Defendants do not oppose plaintiff's motion and, as such, the Court recommends that plaintiff's motion (Dkt. 73) be granted. *See* Dkt. 76.

**B.    Motion for Leave to File a Third Amended Complaint**

Plaintiff also moves for leave to file a third amended complaint. Dkt. 74. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

At this point in the litigation, plaintiff may no longer file an amendment as a matter of course and as such, in order to amend plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). "Futility alone can

REPORT AND RECOMMENDATION - 4

1   justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th

2   Cir. 2004).

3    Analyzing plaintiff's third amended complaint under these factors, the Court

4   recommends that plaintiff's motion to amend be granted in part and denied in part.

5   Specifically, the Court recommends that plaintiff's motion be denied with respect to

6   his new claims that defendants denied his right of access to the Courts in *Brown v.*

7   *State*, 3:14-cv-05524-RJB-JRC, *Brown v. Vail*, 2:15-cv-00121-TOR, and in

8   Snohomish County Superior Court case *Brown v. McDowell*, No. 11-2-06765.

9   Defendants object to the third amended complaint's inclusion of these new claims

10  arguing these claims are entirely new and are now barred by the statute of

11  limitations.[2] Dkt. 78. Plaintiff argues these new claims "relate back" to his original

12  pleading. Dkt. 85. Plaintiff purports to cite to paragraphs in his second amended

13  complaint raising these claims and cases but, upon review, plaintiff's citations are in

14  fact made to his proposed third amended complaint. *Id.*

15   A proposed amendment "is futile when no set of facts can be proved under the

16  amendment to the pleadings that would constitute a valid and sufficient claim," *see id.*

17  (internal quotation and citation omitted), such as a proposed amendment to add a claim

18  barred by the statute of limitations, *see, e.g., Somoza-Vega v. Brown*, 2013 WL

19  4827994, at *4-6 (D. Ariz. September 10, 2013) (denying motion to amend where claims

20  against proposed new defendants were barred by statute of limitations). "If an amended

---

[2] Defendants also object to the inclusion of plaintiff's claim with respect to *Brown v. Warner*, 2:13-00130-RMP. However, the Court notes that plaintiff did raise allegations with respect to *Brown v. Warner* in his second amended complaint and, as such, recommends that leave to amend be granted with respect to this claim.

REPORT AND RECOMMENDATION - 5

1    pleading relates back to the date of the original complaint, a new cause of action

2    specified therein can avoid the applicable statute of limitations." Martin v. School Dist.

3    No. 394, 393 F.Supp.2d 1028 (D. Idaho, July 14, 2005) (*citing Mayle v. Felix,* 545 U.S.

4    644 (2005)). An amended pleading relates back to the original pleading's date when the

5    claim asserted in the amended pleading arose out of the "conduct, transaction or

6    occurrence set forth in the original pleading." Fed.R.Civ.P. 15(c). "In determining

7    whether an amended cause of action relates back, the emphasis is not on the new legal

8    theory asserted, but whether the defendant's specific conduct, upon which the plaintiff is

9    relying to enforce the amended claim, is identifiable with the original claim." *FDIC v.*

10    *Jackson,* 133 F.3d 694, 701 (9th Cir. 1998) (internal citations omitted). The district court

11    must decide whether the two pleadings share a "common core of operative facts"

12    sufficient to provide defendants with fair notice of the transaction, occurrence, or

13    conduct called into question. *Id.*

14        Plaintiff's claims that the application of this policy by defendants interfered with

15    plaintiff's access to courts in *Brown v. State*, 3:14-cv-05524-RJB-JRC, *Brown v. Vail*,

16    2:15-cv-00121-TOR, and Snohomish County Superior Court case *Brown v.*

17    *McDowell*, No. 11-2-06765, were not raised in the original complaint and, as the

18    alleged interference occurred in 2012-early 2016, these claims would now be barred

19    by the statute of limitations. As amendment to include those new claims in the third

20    amended complaint would be futile, the Court recommends plaintiff's motion be

21    denied with respect to these claims. Here, defendants' specific conduct, their alleged

22    interference with his ability to litigate his cases in *Brown v. State*, 3:14-cv-05524-RJB-

23    JRC, *Brown v. Vail*, 2:15-cv-00121-TOR, and *Brown v. McDowell*, No. 11-2-06765, is

24

25

REPORT AND RECOMMENDATION - 6

1   not identifiable with the original claim. *FDIC v. Jackson,* 133 F.3d 694, 701 (9th Cir.

2   1998). Accordingly, the Court recommends that plaintiff's motion to amend be denied

3   with respect to these new access to courts claims only.[3]

4        With respect to plaintiff's remaining claims, while undue delay might arguably

5   support denying a motion to amend, the remaining factors weigh in favor of granting

6   plaintiff's motion. First, regarding undue delay, plaintiff has already had the opportunity

7   to amend his complaint several times and filed the present motion several years after he

8   initiated this lawsuit and several months after defendants filed their motion to dismiss.

9   Arguably, this timing might support a finding of undue delay.

10        Second, as noted above, "[f]utility alone can justify the denial of a motion to

11  amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). A proposed

12  amended complaint is futile when "no set of facts can be proved under the amendment

13  to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri*

14  *ex rel. Koster v. Harris*, 847 F.3 646, 656 (9th Cir. 2017) (citation and internal quotation

15  marks omitted). Defendants assert, generally, that plaintiff's amended complaint is futile

16  but do not specifically address the additional allegations in plaintiff's third amended

17  complaint. Plaintiff's proposed third amended complaint seeks to include additional facts

18  supporting many of his claims and it is not clear to the Court that these amended

19  allegations would not constitute valid and sufficient claims. Accordingly, the Court

20  cannot conclude, with respect to plaintiff's remaining claims, that the proposed third

21  amended complaint is futile.

22

23  [3] The Court also notes that plaintiff's claims regarding interference with his access to courts in these three cases are also entirely conclusory and provide insufficient facts to state a claim for
24  denial of access to the courts.

25

REPORT AND RECOMMENDATION - 7

1    Third, prejudice to the opposing party is typically found where the amended

2 complaint includes new claims or parties and requires reopening discovery. *See, e.g.*,

3 *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985-86 (9th Cir. 1999);

4 *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). In this

5 case, while the amended complaint seeks to add a few new claims, it does not seek to

6 add new parties and will not significantly affect the discovery timeline of the case.

7 Accordingly, the Court finds defendants are not unfairly prejudiced by allowing plaintiff

8 to amend his complaint at this time.

9 **C.     Request for Voluntary Dismissal – Defendants Jensen, Kincheloe, Moore,**
**Reed, Riveland, Shaw, Spalding, Vail, Wright**

10

11    Plaintiff names defendants Margo Jensen, Larry Kincheloe, Robert Moore, Amos

Reed, Chase Riveland, Bob Shaw, James Spalding, Eldon Vail, and Robert (Bob)

12

13 Wright in his third amended complaint. The Court notes that plaintiff's second amended

complaint made vague and conclusory allegations against these defendants related to

14

15 their roles as supervisors or policy makers but provided insufficient facts to state a claim

against them. Dkt. 14. As such, by order dated February 26, 2019, the Court directed

16

17 plaintiff to provide a more definite statement with respect to these defendants. Dkt. 54.

Specifically, the Court directed plaintiff to "detail exactly *what* actions these defendants

18

19 took or failed to take, *how* these actions or inactions violated plaintiff's constitutional

rights, and provide dates as to *when* these violation(s) occurred." *Id.* Plaintiff did not

20

21 provide any additional facts to support his claim against these defendants nor did he

even mention them in his more definite statement. Dkt. 55.

22

23    As with his prior complaints, plaintiff's third amended complaint lists these

individuals as defendants and makes vague and conclusory allegations against some of

24

25

REPORT AND RECOMMENDATION - 8

them related to their roles as supervisors or policy makers. Dkt. 74-1. However, in reply

to his motion to amend plaintiff makes clear that he does not, in fact, intend to proceed

against these defendants and that they are not properly a part of the case. Dkt. 85, at 1.

Federal Rule of Civil Procedure 41(a)(1) governs procedures for voluntary dismissal of

an action and provides:

> (1) [A]n action may be dismissed by the plaintiff without order of
> court (i) by filing a notice of dismissal at any time before
> service by the adverse party of an answer or of a motion for
> summary judgment, whichever first occurs. . . . Unless
> otherwise stated in the notice of dismissal . . ., the dismissal is
> without prejudice. . . .
> (2) …Except as provided in Rule 41(a)(1) [above], an action may
> be dismissed at the plaintiff's request only by court order, on
> terms that the court considers proper.

Here, defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P.

12(b)(6) but have not filed an answer or a motion for summary judgment. "A motion to

dismiss is 'neither an answer nor, unless accompanied by affidavits discussing matters

outside the pleadings that are not excluded by the court, a motion for summary

judgment,' and thus does not terminate the plaintiff's right of dismissal by notice."

*Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) *citing* 9 Charles A. Wright &

Arthur R. Miller, *Federal Practice & Procedure,* § 2363 (2d ed. 1995); *see also Miller v.*

*Reddin*, 422 F.2d 1264 (9th Cir.1970) (holding plaintiffs to be entitled to Rule 41(a)(1)

voluntary dismissal even after a hearing on defendants' motion to dismiss).

Plaintiff may voluntarily dismiss his claims against these defendants as a matter

of right, without the permission of the Court or the defendants, at this stage.

Accordingly, the Court recommends that the Court construe plaintiff's reply to his motion

to amend as a notice of voluntary dismissal and dismiss plaintiff's claims against

REPORT AND RECOMMENDATION - 9

1  defendants Jensen, Kincheloe, Moore, Reed, Riveland, Shaw, Spalding, Vail, and

2  Wright without prejudice.

3  **D.    Defendants' Motion to Dismiss**

4      If the Court adopts the recommendation above that plaintiff's motion to file a third

5  amended complaint be granted in part and denied in part, the defendants' motion to

6  dismiss should be stricken as moot.

7      An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*,

8  963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as

9  non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds*

10 *by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Defendant's motion to

11 dismiss attacks the second amended complaint, which is now "non-existent" in light of

12 the third amended complaint. Further, as noted above, after review of the third amended

13 complaint, plaintiff included additional facts relating to his claims against the defendants.

14 *See* Dkt. 74-1.

15     Accordingly, the undersigned recommends defendants' motion to dismiss be

16 stricken as moot.[4] *See, e.g., Bromfield v. McBurney*, 2008 WL 623322, *2 (W.D. Wash.

17 March 3, 2008) (recommending the defendants' motion to dismiss be denied as moot

18 because an amended complaint was filed, which operated as a complete substitute for

19 the original complaint).

20                          CONCLUSION

21     Based on the foregoing discussion, the undersigned recommends the Court: (1)

22 grant the branch of plaintiff's motion seeking to waive the court rule and deny the

23

24 [4] The Court notes defendants may refile a motion to dismiss on the third amended complaint.

25

REPORT AND RECOMMENDATION - 10

1    branch of the motion seeking appointment of counsel (Dkt. 71); (2) grant plaintiff's

2    motion to excuse the untimely filing of the proposed third amended complaint (Dkt. 73);

3    (3) grant in part and deny in part plaintiff's motion to file a third amended complaint (Dkt.

4    74); (4) dismiss defendants Margo Jensen, Larry Kincheloe, Robert Moore, Amos Reed,

5    Chase Riveland, Bob Shaw, James Spalding, Eldon Vail, and Robert (Bob) Wright,

6    without prejudice based on plaintiff's acknowledgment that these defendants are not

7    properly a part of this action; (4) strike defendants' motion to dismiss (Dkt. 59) as moot;

8    (5) direct the Clerk to enter the proposed third amended complaint (Dkt. 74-1) as the

9    operative complaint; and (6) direct defendants to file a new responsive pleading in

10   accordance with the Federal Rules of Civil Procedure and Local Rules.

11        The parties have **fourteen (14) days** from service of this Report and

12   Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);

13   *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

14   purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above

15   time limit, the Clerk shall set this matter for consideration on **March 6, 2020**, as noted in

16   the caption.

17        Dated this 19th day of February, 2020.

18

19                                                    _Theresa L. Fricke_
                                                      Theresa L. Fricke
                                                      United States Magistrate Judge
20

21

22

23

24

25

REPORT AND RECOMMENDATION - 11