1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

GREGORY TYREE BROWN,

7
                           Plaintiff,

8         v.

RICHARD L MORGAN, et al.,

9
10
                           Defendants.

Case No. C16-5975 BHS-TLF

REPORT AND
RECOMMENDATION

Noted for July 15, 2022

11          This matter comes before the Court on plaintiff's motion for relief from judgment

12   entered on July 15, 2020 (Dkt. 91); plaintiff's claims were dismissed, and judgment was

13   entered for defendants. Dkt. 92. Plaintiff requests that the Court grant relief from

14   judgment pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. 92.

15          The Court should DENY plaintiff's motion to vacate judgment (Dkt. 92) because

16   the record does not reflect that extraordinary circumstances exist warranting relief under

17   Rule 60(b)(6). The Court should also DENY plaintiff's motion for leave to amend (Dkt.

18   95) as moot.

19                              FACTUAL BACKGROUND

20          On July 15, 2020, the Court entered judgment dismissing the plaintiff's claims.

21   Dkt. 91. Plaintiff is currently a prisoner at the Washington State Penitentiary (WSP) and

22   was previously housed at the Clallam Bay Corrections Center (CBCC). Dkt. 93.

23
24
25

REPORT AND RECOMMENDATION
- 1

1
2
3
4
5

On April 11, 2019, the defendants filed a Motion to Dismiss the case. Dkt. 59. Plaintiff received Notice (Dkt. 60) and responded on May 6, 2019 with a Motion for Extension of Time. Dkt. 62. This motion was granted. Dkt. 69. Plaintiff was then transferred to WSP and filed an additional Motion for Extension of Time due to this transfer. Dkt. 82.

6
7
8
9
10
11
12
13

On February 19, 2020, the Magistrate Judge issued a Report and Recommendation recommending the Court grant in part and deny in part plaintiff's motion to file third amended complaint. Dkt. 87. The Court also recommended striking defendants' motion to dismiss as moot. Dkt. 87. On April 22, 2020, the Court adopted the Report and Recommendation and directed that, if he wished to file the third amended complaint as the operative complaint, then plaintiff must do so within 21 days of the Court's order. Dkt. 89. Plaintiff did not file the third amended complaint as the operative complaint.

14
15
16

On July 14, 2020 the Court, on its own motion, issued an order dismissing plaintiff's remaining claims. Dkt. 90. On July 15, 2020 the Court entered judgment in this action dismissing plaintiff's claims and terminating this action. Dkt. 91.

17
18
19

On November 3, 2021, plaintiff filed a motion to vacate the Court's order dismissing plaintiff's complaint. Dkt. 92. Defendants filed a response in opposition to the plaintiff's motion. Dkt. 97. Plaintiff has filed a reply in support of his motion. Dkt. 98.

20

<u>DISCUSSION</u>

21
22
23

Pursuant to Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

24
25

REPORT AND RECOMMENDATION
- 2

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Motions for relief from judgment are typically committed to the "sound discretion of the district court." *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995).

A motion for relief from judgment under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions for relief from judgment based on Rule 60(b)(1), (2), and (3) must be filed within a year after entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(1) only permits relief based on mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(1) therefore does not apply to this action -- plaintiff is arguing that relief is warranted based on alleged intentional conduct. Similarly, plaintiff's motion does not argue that relief should be granted because of newly discovered evidence, and plaintiff does not contend that the challenged judgment is void or has been released or discharged. Dkt. 92, 93, 94. Accordingly, Rule 60(b) (2), (4) and (5) do not apply to this motion.

Rule 60(b)(3) only permits relief when fraud, misrepresentation or misconduct is committed by the adverse party in the litigation. *Latshaw*, 452 F.3d at 1102. Fraud, misrepresentation or misconduct committed by a non-party in the litigation is insufficient grounds for relief from judgment under Rule 60(b)(3). *Latshaw*, 452 F.33d at 1102.

1    Plaintiff's motion argues that he was unable to litigate this action because of the

2    misconduct of Vanetta Jackson – the law librarian at Washington State Penitentiary.

3    Dkt. 93-94. Vanetta Jackson is not a party in this action. Accordingly, any misconduct or

4    fraud committed by Vanetta Jackson would not be a sufficient ground under Rule

5    60(b)(3) to warrant relief.

6    Plaintiff asks the Court to grant relief from judgment under Rule 60(b)(6), a catch-

7    all provision that is mutually exclusive with the other clauses under Rule 60(b). *Molloy v.*

8    *Wilson*, 878 F.2d 313, 316 (1989) ("a motion brought under clause (6) must be for some

9    reason other than the five reasons preceding it under the rule."). Rule 60(b)(6) must be

10   used sparingly "as an equitable remedy to prevent manifest injustice." *Latshaw v.*

11   *Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006). Relief under Rule 60(b)(6)

12   requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524,

13   536 (2005). A party moving for relief under Rule 60(b)(6) bears the burden of

14   demonstrating both injury and circumstances beyond the movant's control preventing

15   the movant from properly litigating the action. *Latshaw*, 452 F.3d at 1103.

16    A motion for relief from judgment under Rule 60(b) "must be made within a

17   reasonable time." Fed. R. Civ. P. 60(c)(1).

18   Plaintiff contends that during this litigation he was transferred from one facility to

19   another and was not allowed to check court dockets in his actions. Dkt. 94 at 1. Plaintiff

20   contends that he was not receiving his court documents. Dkt. 94 at 1-2. Next, plaintiff

21   alleges that he made 12 calls to the Court Clerk's Office which were allegedly ignored or

22   rejected. Dkt. 93 at 7; Dkt 94 at 2. Further, plaintiff contends that he sent letters to the

23   Court inquiring into the status of his case. Dkt. 93 at 7; Dkt. 94 at 2.

24

25

REPORT AND RECOMMENDATION
- 4

Plaintiff does not present documentation of, and the Court is not aware of, any letter or phone calls from plaintiff to the Court or the Court Clerks' Office. Further, although plaintiff argues that he was not allowed access to the law library or to his legal documents, defendant notes and plaintiff acknowledges, that he was able to litigate other actions in state and federal courts during the time plaintiff alleges he had no law library access. Dkt. 97, Defendant's Response; Dkt. 98, Plaintiff's Reply.

Based on the record before the Court, Mr. Brown has failed to show that extraordinary circumstances are present such that relief is necessary to prevent manifest injustice. Further, because the case was dismissed on July 15, 2020, the Court does not find that Mr. Brown filed this order within a reasonable time.

Accordingly, relief under Rule 60(b)(6) is not warranted in this action. Because the motion for relief from judgment should be denied, the plaintiff's motion to amend should also be denied as moot.

## CONCLUSION

The Court should DENY plaintiff's motion for relief from judgment (Dkt. 92) and should DENY plaintiff's motion to amend complaint (Dkt. 95) as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

REPORT AND RECOMMENDATION
- 5

1  response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set

2  for consideration on July 15, 2022.

3       Dated this 1st day of July, 2022.

4

5

6  _____
   Theresa L. Fricke

7  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION
- 6