1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY TYREE BROWN,

                    Plaintiff,

    v.

RICHARD L MORGAN,

                    Defendant.

CASE NO. C16-5975 BHS

ORDER

13    THIS MATTER is before the Court on magistrate Judge Fricke's Report and

14  Recommendation (R&R), Dkt. 101, recommending the Court deny pro se plaintiff

15  Gregory Tyree Brown's Motion for Relief from Judgment, Dkt. 92, and his Motion to

16  Amend his complaint, Dkt. 95, as moot. Brown objects. Dkt. 106.

17    In April 2020, over the defendants' objection, this Court adopted the Magistrate

18  Judge's prior R&R, Dkt. 87, and ordered Brown to file a third amended complaint within

19  21 days. Dkt. 89. He did not do so. In July 2020, the Court dismissed Brown's claims.

20  Dkt. 90.

21    In November 2021, Brown moved to vacate the Court's judgment, Dkt. 92, and to

22  amend his complaint, Dkt. 95. He alleges that his failure to timely respond to the Court's

1    prior Order was caused by the misconduct of a non-party, the Walla Walla State

2    Penitentiary law librarian, Vanetta Jackson.

3          The R&R correctly explains that, under Rule 60(b), the Court may relieve a party

4    from a final judgment or order for the following reasons: (1) mistake, inadvertence,

5    surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

6    diligence, could not have been discovered in time to move for a new trial under Rule

7    59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment

8    is void; (5) the judgment has been satisfied, released, or discharged; it is based on an

9    earlier judgment that has been reversed or vacated; or applying it prospectively is no

10   longer equitable; or (6) any other reason that justifies relief. Motions for relief from

11   judgment are typically committed to the "sound discretion of the district court." *Exp.*

12   *Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995).

13         The R&R concluded that Brown had not raised a claim of neglect under Rule

14   60(b)(1), because he was alleging misconduct by another. It also concluded that Brown's

15   claim did not fall under Rule 60(b)'s subsections (2), (4), or (5), because Brown was not

16   asserting newly discovered evidence, that the judgment was void, or that the judgment

17   had been released. And it concluded that his claim for relief under Rule 60(b)(3) was

18   misplaced, because the misconduct upon which he relies was not committed by "an

19   opposing party." Dkt. 101 at 4.The law librarian, and the unnamed people who "stole"

20   some of his legal papers, are not parties to this action.

21         Finally, the R&R concluded that Rule 60(b)'s "catch all" provision, subsection (6),

22   did not apply to excuse Brown's 16-month delay, because he could not show

1    "exceptional circumstances" that either injured him or were beyond his control. Brown's

2    assertions that he "called the Clerk's office 12 times" and sent letters[1] to the Court

3    inquiring about his case were and are without factual support. The R&R concluded that

4    Brown's motion was not filed within a reasonable time under Rule 60(c)(1). The R&R

5    recommends denying Brown's motions. Dkt. 101 at 4.

6           A district judge must determine de novo any part of the magistrate judge's

7    disposition to which a party has properly objected. The district judge may accept, reject,

8    or modify the recommended disposition; receive further evidence; or return the matter to

9    the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

10   requires specific written objections to the findings and recommendations in the R&R.

11   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

12          Nevertheless, objections to a Magistrate's Report and Recommendation are not an

13   appropriate vehicle to rehash or re-litigate the points considered and resolved by the

14   Magistrate Judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL

15   71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all

16   objections are merely a rehash of arguments already raised and decided upon by the

17   Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*,

18   No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a

19

20          [1] Brown claims he called the Court Clerk's Office 12 times between August 2019 and
     July 2021, seeking information about the status of this case. He claims that the Clerk's office
21   refused or rejected each of those calls, for reasons he does not explain. That is not the Court's
     practice. Brown's follow-on claim that he sent the Court five letters seeking the same
22   information is not credible, the Clerk's Office has received no such letters. Brown effectively
     argues that the clerk's office is part of a conspiracy to deprive him of his legal papers. It is not.

1    challenge to a Magistrate's Report and Recommendations when "all of [plaintiff's]

2    objections simply rehash arguments contained in his amended opening memorandum or

3    in his reply memorandum"). As Courts in other Districts have recognized and explained,

4    such re-litigation is not an efficient use of judicial resources.

5        There is no benefit to the judiciary "if the district court[] is required to review the

6    entire matter *de novo* because the objecting party merely repeats the arguments rejected

7    by the magistrate. In such situations, this Court follows other courts that have overruled

8    the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO,

9    2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a

10   magistrate's findings and recommendations "is not a vehicle for the losing party to

11   relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018

12   WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*,

13   CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting

14   cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4

15   (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in

16   the Petition, which the magistrate judge has already addressed in the R&R, are not

17   sufficient under Fed. R. Civ. P. 72.").

18       Many of Brown's arguments re-hash arguments he has made before. Brown also

19   argues that the denial of his motion under Rule 60(b) would be an abuse of discretion,

20   because the dismissal of his claims was itself an abuse of discretion. Dkt. 106 at 4. He

21   asks the Court to measure the timeliness of his response not against the Rule 60 standard

22   described above, but against the five-factor test he claims courts apply when evaluating

1   whether to dismiss a plaintiff's claim as a sanction for failure to comply with a court

2   order. *Id*. (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

3          The Court did not dismiss Brown's claim as a sanction for failing to comply with a

4   court order; it offered him yet another opportunity to state a plausible claim in the form of

5   a third amended complaint. He did not take advantage of that opportunity. His claim that

6   the defendants would not be prejudiced if the Court were to re-open the case is not

7   relevant. And it is not accurate; as the State points out, the claims he seeks to assert are

8   based in part on conduct that occurred eleven years ago. *See* Dkt. 108 at 3.

9          Brown has not met his burden to show exceptional circumstances under Rule

10  60(b)(6), and his attempt to re-open this case 16 months after it was dismissed and closed

11  is not reasonable. The R&R, Dkt. 101, is ADOPTED. Brown's Motion for Relief from

12  Judgment under Rule 60, Dkt. 92, is DENIED. His Motion to Amend, Dkt. 95, is

13  DENIED as moot.

14         The matter remains closed.

15         IT IS SO ORDERED.

16         Dated this 11th day of October, 2022.

17

18

19                                          BENJAMIN H. SETTLE
                                            United States District Judge

20

21

22

ORDER - 5